# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KATHARINA KELTON, | Case No. 1:21-cv-00917-SAB |
| Plaintiff, | ORDER GRANTING PETITIONER'S MOTION FOR ATTORNEY FEES PURSUANT TO 42 U.S.C. § 406(b) |
| v. | |
| COMMISSIONER OF SOCIAL SECURITY, | (ECF Nos. 18, 19, 20) |
| Defendant. | |

Petitioner Francesco P. Benavides ("Counsel"), attorney for Katharina Kelton ("Plaintiff"), filed the instant motion for attorney fees on October 31, 2024.  Counsel requests fees in the amount of $12,600.00 pursuant to 42 U.S.C. § 406(b)(1).  Plaintiff has not objected to the request and the time to do so has passed.  On November 4, 2024, Defendant Social Security Commissioner, as a de facto trustee for Plaintiff, filed a response to Petitioner's motion providing an analysis of the fee request.

**I.**

**BACKGROUND**

Plaintiff filed the instant complaint challenging the denial of social security benefits on June 10, 2021.  (ECF No. 1.)  On April 22, 2022, a stipulation for voluntary remand was filed.  (ECF No. 13.)  The Court entered judgment in Plaintiff's favor and the action was remanded on April 25, 2022.  (ECF Nos. 14, 15.)  On May 5, 2022, Plaintiff was awarded attorney fees of

$5,400.00 at the stipulation of the parties. (ECF Nos. 16, 17.)

On remand, the ALJ found that Plaintiff was disabled as of June 30, 2016, and Plaintiff was awarded benefits in the amount of $79,527.70. (ECF No. 19-1 at 4; 19-3 at 7.) The Commissioner withheld $19,881.93 from the past-due benefit for attorney fees. (ECF No. 19-1 at 5.) This amount equals 25 percent of the retroactive benefit award. Petitioner has previously received payment of $5,400.00 in EAJA fees. (ECF No. 17.) In the instant motion, Petitioner seeks $12,600.00 for work performed in this action. The attorney who represented Plaintiff at the administrative level will be receiving $7,200.00 in attorney fees. (ECF No. 18 at 1; ECF No. 19-1 at 4.)

## II.

## LEGAL STANDARD

In relevant part, 42 U.S.C. § 406(b)(1)(A) provides that when a federal court "renders a judgment favorable to a claimant . . . who was represented before the court by an attorney," the court may allow reasonable attorney fees "not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." The payment of such award comes directly from the claimant's benefits. 42 U.S.C. § 406(b)(1)(A).

The Supreme Court has explained that a district court reviews a petition for section 406(b) fees "as an independent check" to assure that the contingency fee agreements between the claimant and the attorney will "yield reasonable results in particular cases." Gisbrecht v. Barnhart, 535 U.S. 789, 807 (2002). The district court must respect "the primacy of lawful attorney-client fee agreements," and is to look first at the contingent-fee agreement, and then test it for reasonableness." Crawford v. Astrue, 586 F.3d 1142, 1148 (9th Cir. 2009). The twenty-five percent maximum fee is not an automatic entitlement, and courts are required to ensure that the requested fee is reasonable. Gisbrecht, 535 U.S. at 808–09 ("§ 406(b) does not displace contingent-fee agreements within the statutory ceiling; instead, § 406(b) instructs courts to review for reasonableness fees yielded by those agreements"). Agreements seeking fees in excess of twenty-five percent of the past-due benefits awarded are not enforceable. Crawford, 586 F.3d at 1148. The attorney has the burden of demonstrating that the fees requested are

1  reasonable. Gisbrecht, 535 U.S. at 808; Crawford, 586 F.3d at 1148.

2  In determining the reasonableness of an award, the district court should consider the
3  character of the representation and the results achieved. Gisbrecht, 535 U.S. at 800. Ultimately,
4  an award of section 406(b) fees is offset by an award of attorney fees granted under the EAJA.
5  Gisbrecht, 535 U.S. at 796.

6  The Ninth Circuit has identified several factors that a district court can examine under
7  Gisbrecht in determining whether the fee was reasonable. In determining whether counsel met
8  his burden to demonstrate that the requested fees are reasonable, the court may consider (1) the
9  standard of performance of the attorney in representing the claimant; (2) whether the attorney
10 exhibited dilatory conduct or caused excessive delay which resulted in an undue accumulation of
11 past-due benefits; and (3) whether the requested fees are excessively large in relation to the
12 benefits achieved when taking into consideration the risk assumed in these cases. Crawford, 586
13 F.3d at 1151.

### III.

### DISCUSSION

16 The Court has conducted an independent check to insure the reasonableness of the
17 requested fees in relation to this action. Gisbrecht, 535 U.S. at 807. Here, the fee agreement
18 between Plaintiff and Petitioner provides for a fee "25% of the Claimant's past due benefits
19 awarded to Claimant upon reversal of any unfavorable ALJ decision." (Engagement and Fee
20 Agreement, ECF No. 19-3.) Plaintiff has been awarded benefits from March 2018 through
21 September 2024 in the amount of $79,527.70. (ECF No. 19-1 at 4.) In determining the
22 reasonableness of the fees requested, the Court is to apply the test mandated by Gisbrecht.

23 There is no indication that a reduction of fees is warranted for substandard performance.
24 Counsel is an experienced, competent attorney who secured a successful result for Plaintiff.
25 Although this action does involve six years of backpay, there is no indication that Counsel was
26 responsible for any substantial delay in the court proceedings. Plaintiff agreed to a 25 percent
27 fee at the outset of the representation and Petitioner is seeking payment of $12,600.00.
28 Considering the prior award of $5,400.00 the total amount sought by Petitioner is $7,200.00,

1  which is slightly over 9 percent of the backpay award.[1]  The $7,200.00 fee is not excessively
2  large in relation to the past-due award of $79,527.70.  In making this determination, the Court
3  recognizes the contingent nature of this case and Counsel's assumption of the risk of going
4  uncompensated.  Hearn v. Barnhart, 262 F.Supp.2d 1033, 1037 (N.D. Cal. 2003).

5        In support of the motion, Petitioner submits a log of the time spent in prosecuting this
6  action.  (Time Sheet, ECF No. 19-4.)  The time sheet demonstrates that Petitioner spent 25.2
7  hours on this action.  (Id.)  When considering the total amount requested by Petitioner, the fee
8  request translates to $500 per hour for Petitioner's services in this action.  In Crawford, the
9  appellate court found that a fee of $875 and $902 per hour, for time of both attorneys and
10 paralegals, was not excessive.  Crawford, 486 F.3d at 1152 (dissenting opinion).  Further, since
11 Gisbrecht, courts note that reducing a fee request is dicey business and find fee awards much
12 higher than this to be reasonable.  Williams v. Berryhill, No. EDCV 15-919-KK, 2018 WL
13 6333695, at *2 (C.D. Cal. Nov. 13, 2018) (awarding fee request that provides an hourly rate of
14 $1,553.36 per hour); Coles v. Berryhill, No. EDCV 14-1488-KK, 2018 WL 3104502, at *3 (C.D.
15 Cal. June 21, 2018) (effective hourly rate of $1,431.94 reasonable under the circumstances);
16 Palos v. Colvin, No. CV 15-04261-DTB, 2016 WL 5110243, at *2 (C.D. Cal. Sept. 20, 2016)
17 (fees sought translate to $1,546.39 per hour for attorney and paralegal services); see also Villa v.
18 Astrue, No. CIVS-06-0846 GGH, 2010 WL 118454, at *1, n.1 (E.D. Cal. Jan. 7, 2010) ("In
19 practice, the more efficient counsel is in court, the higher will be the hourly fee amount
20 represented in a § 406 fee award.")

21       The Court finds that the requested fees are reasonable when compared to the amount of
22 work Petitioner performed in representing Plaintiff in court.  Petitioner's representation of the
23 claimant resulted in the action being remanded for further proceedings and ultimately benefits
24 were awarded.  Petitioner also submitted a detailed billing statement which supports the request.
25 (ECF No. 19-4.)

26       The award of Section 406(b) fees is offset by any prior award of attorney fees granted

---

[1] Considering the $7,200.00 that the attorney who represented Plaintiff at the administrative level is receiving, the total fee award to both Petitioner and the administrative level attorney is $14,400.00 which is approximately 18.1% of the amount awarded to Plaintiff.

under the EAJA.  28 U.S.C. § 2412; Gisbrecht, 535 U.S. at 796.  In this instance, Petitioner has previously been awarded $5,400.00 in EAJA fees and the award of fees under Section 406(b) must be offset in that amount.

## VI.

## CONCLUSION AND ORDER

For the reasons stated above, the Court finds that the fees sought by Petitioner pursuant to Section 406(b) are reasonable.  Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's motion for an award of attorney fees pursuant to Section 406(b) in the amount of $12,600.00 is GRANTED;

2. Pursuant to counsel's request, this amount shall be paid directly to The Law Offices of Francisco Benavides, 1990 N. California Blvd., 8th Floor, Walnut Creek, CA 94596.  The Commissioner is to remit to Plaintiff the remainder of his withheld benefits; and

3. Petitioner is ordered to refund $5,400.00 of the Section 406(b) fees awarded to Plaintiff as an offset for EAJA fees previously awarded pursuant to 28 U.S.C. § 2412(d).

IT IS SO ORDERED.

Dated:  **November 19, 2024**

STANLEY A. BOONE
United States Magistrate Judge